```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ALLEN DUPREE GARRETT,<br><br>            Plaintiff,<br><br>     v.<br><br>OFFICER MIGUEL MENDEZ,<br>et al.,<br><br>            Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 13-5343 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

Plaintiff Allen Dupree Garrett, pro se, brings this action under 42 U.S.C. § 1983, in essence challenging his criminal conviction and bringing claims arising from his arrest and imprisonment. This action relates to an arrest and a criminal charge to which which Plaintiff pleaded guilty and unsuccessfully challenged on direct appeal and on a petition for habeas corpus, under 28 U.S.C. § 2255, see Garrett v. United States, No. 13-27, 2014 WL 1334213 (D.N.J. Apr. 2, 2014), and again on a Fed. R. Civ. P. 60(b) motion, see Order, Garrett v. United States, No. 13-27 (D.N.J. June 12, 2014), ECF No. 24. Plaintiff is currently incarcerated and seeks to proceed in forma pauperis under 28 U.S.C. § 1915. The Court finds as follows:

1.  Because Plaintiff's application discloses that he is indigent, the Court will permit the Complaint be filed without

prepayment of fees, pursuant to 28 U.S.C. § 1915, and order the Clerk of Court to file the Complaint.

2. Section 1915(e)(2)(B) requires the Court to screen the complaint and dismiss any claim that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

3. By way of background, Plaintiff pleaded guilty to one count of possession of a firearm by a convicted felon, and on January 26, 2012, was sentenced to 77 months imprisonment. See Judgment in a Criminal Case, United States v. Garrett, No. 11-242 (D.N.J. Jan. 26, 2012), ECF No. 29. The judgment was affirmed by the Third Circuit. See Judgment, United States v. Garrett, No. 12-1338 (3d Cir. Dec. 5, 2012). Plaintiff's habeas petition was denied, as was his motion under Fed. R. Civ. P. 60(b).

4. Plaintiff's new Complaint asserts claims under 42 U.S.C. §§ 1981 & 1983 for malicious prosecution, unlawful arrest, racial discrimination in violation of the Equal Protection Clause, and common-law false imprisonment. He takes issue with his arrest, arguing that the police lacked probable cause to arrest him and that he was the victim of racial profiling.

5. Plaintiff's Complaint must be dismissed. The U.S. Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See also Deemer v. Beard, 557 F. App'x 162, 166 (3d Cir. 2014) (stating that the Third Circuit has "interpreted Heck to impose a universal favorable termination requirement on all § 1983 plaintiffs attacking the validity of their conviction or sentence"). Here, Plaintiff's claims depend on the impropriety of his stop, arrest and prosecution, yet he pleaded guilty to possession of a firearm, and the conviction was upheld on appeal and upon collateral review. Because Plaintiff's conviction has not been invalidated, this action is barred by Heck v. Humphrey, 512 U.S. at 486-87.

6.   The Third Circuit considered substantially similar facts in Gibson v. Superintendent of N.J. Dep't of Law & Publ. Safety, 411 F.3d 427 (3d Cir. 2005), overruled on other grounds by Dique v. N.J. State Police, 603 F.3d 181 (3d Cir. 2010) (overruling based on the accrual date of a § 1983 claim). In Gibson, the Third Circuit stated:

3

> [Gibson's] car was stopped because of a pattern and practice of racial profiling, not because police had reasonable suspicion to believe a crime was being committed. Generally, the absence of reasonable suspicion renders a stop unlawful, see Alabama v. White, 496 U.S. 325, 329-30 (1990), and evidence obtained from that unlawful stop excludable, see Wong Sun v. United States, 371 U.S. 471, 487-88 (1963). Gibson was arrested when the Defendant Troopers discovered drugs during the subsequent search of the car. These drugs were the only evidence supporting the drug charges against Gibson. Thus, success on his § 1983 claim for false arrest would "necessarily imply" that he was improperly convicted.

Gibson, 411 F.3d at 451-52 (Fuentes, J., writing the opinion of the Court with respect to one claim) (parallel citations omitted). Judge Van Antwerpen, writing the majority opinion in Gibson with respect to most of the plaintiff's claims, added: "if a person can demonstrate that he was subjected to selective enforcement in violation of his Equal Protection rights, his conviction will be invalid." Id. at 440-41 (citing United States v. Berrigan, 482 F.2d 171, 174 (3d Cir. 1973)).

7.  Similarly, here, the only evidence against Plaintiff was the gun discovered during the police stop. Even setting aside the fact that Plaintiff pleaded guilty, success on Plaintiff's equal protection claim for racial profiling would necessarily imply that his conviction was improper. See also Ellis v. Mondello, No. 05-1492, 2005 WL 1703194, at *2 (D.N.J. July 20, 2005) (dismissing a complaint under § 1915 for failure

4

to state a claim when the plaintiff alleged that he was falsely arrested and convicted as a result of racial profiling).

8.    Moreover, to the extent Plaintiff seeks to challenge the propriety of his stop, arrest, prosecution and conviction, he is attempting to bring a second or successive motion for habeas relief, which is barred except in certain narrow circumstances not present here. See 28 U.S.C. § 2255(h) (providing that second or successive motions for relief must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty . . . ; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Plaintiff's attempt to bring a second or successive petition under § 2255 has not been properly certified and will not be considered.

9.    For these reasons, Plaintiff's claims are barred and the Complaint is dismissed for failing to state a claim upon which relief may be granted. An accompanying Order will be entered.

 **August 13, 2014**                             **s/ Jerome B. Simandle**  
Date                                             JEROME B. SIMANDLE  
                                                 Chief U.S. District Judge

5